IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

GARY CHARLES BRESTLE,

    Petitioner,

vs.

CIVIL ACTION NO.: CV214-130

SUZANNE R. HASTINGS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S ORDER and REPORT AND RECOMMENDATION

Petitioner Gary Brestle ("Brestle"), who is currently housed at the Federal Satellite Low Camp in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Brestle also filed a Motion to Amend, (doc. no. 3), and a Motion re: Demand for Writ of Habeas Corpus, (doc. no. 17). Brestle's Motions are **GRANTED**, to the extent the undersigned has considered the assertions in these pleadings in making the recommended disposition in this case. Plaintiff has also filed a Motion to Amend/Correct, (doc. no. 15), which is **DISMISSED** as moot. (See Dkt. Entry dated Sept. 4, 2014). Respondent filed a Response. Brestle filed a Traverse. For the reasons which follow, Brestle's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Brestle contends that he was acting as a government informant from May 2009 through April 2011. Brestle also contends that he was placed in a zone of danger and in harm's way because other inmates learned he was serving as an informant. Brestle

asserts that he is using section 2241 "as a vehicle to challenge [his] conditions of confinement" because section 2241 "is at its core a remedy for unlawful detention." (Doc. No. 3-1, p. 1) (alteration in original). Brestle also asserts that he has brought his petition "due to the deliberate and intentional violations of [his] conditions of confinement (cruel and unusual punishment, to impede [his] access to the Courts of the United States)[.]" (Id.). Brestle seeks preliminary injunctive relief, such as subpoenas, a polygraph test, and the Court's immediate review of the violations of his constitutional rights. Brestle also seeks the "substantial sentence reduction promised by the Government[, and] immediate release due to the illegality of [his] custody[.]" (Id. at pp. 6–7).

Respondent asserts that Brestle's claims are not cognizable pursuant to § 2241 and should be dismissed. Respondent notes that Brestle's allegations and requested relief "highlight that the present action is not a proper [§] 2241 petition." (Doc. No. 28, p. 5). Respondent states that Brestle's allegations do not challenge the fact or duration of his confinement but the alleged conditions of his confinement. Respondent asserts that the available relief for Brestle's claims would not shorten the term of his imprisonment, even if he were successful. Respondent alleges that, despite Brestle's requests for a substantial sentence reduction or immediate release, the remedy associated with his claims would be to enjoin the practices at issue or to correct the conditions about which Brestle complains, not the alteration of the duration of Brestle's sentence.

## DISCUSSION AND CITATION TO AUTHORITY

Despite Brestle's characterization of his pleading as one made pursuant to section 2241, the contentions he sets forth indicate that he should have filed his cause

of action pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). In general, the distinction between claims which may be brought under <u>Bivens</u> and those which must be brought as habeas petitions is reasonably well settled. Claims in which federal prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being denied adequate medical care and treatment, are <u>Bivens</u> actions, not habeas actions. <u>See, e.g.</u>, <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994). Habeas actions, in contrast, are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, could shorten or invalidate his term of imprisonment, the claim must be brought as a habeas petition, not as a <u>Bivens</u> claim. <u>See, e.g.</u>, <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997); <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Brestle's allegations concerning cruel and unusual punishment and his conditions of confinement contest the conditions of his confinement and are not cognizable pursuant to 28 U.S.C. § 2241.

However, and as noted above, when a prisoner challenges the "'fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'" <u>Harden v. Pataki</u>, 320 F.3d 1289, 1294 n.6 (11th Cir. 2003) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973)). "[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241," must exhaust all available administrative remedies. <u>Skinner v. Wiley</u>, 355 F.3d 1293, 1295 (11th Cir.

AO 72A
(Rev. 8/82)

2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'" Id. (quoting Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)). To the extent Brestle's petition can be read to request, in part, habeas relief, he must exhaust his administrative remedies before this Court can entertain his section 2241 petition. There is no evidence before the Court indicating that Brestle exhausted his administrative remedies prior to filing this petition.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Brestle's petition, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**, without prejudice.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 30th day of October, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE