# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

GARY CHARLES BRESTLE,

 Petitioner,

vs.           CIVIL ACTION NO.: CV214-130

SUZANNE R. HASTINGS, Warden,

 Respondent.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Petitioner Gary Brestle ("Brestle") filed Objections. Respondent filed a Response, and Brestle filed a Reply. In his Objections, Brestle fails to set forth any facts which indicate that his 28 U.S.C. § 2241 petition was brought properly in this Court. Brestle has submitted documentation, which he believes shows that he exhausted his administrative remedies prior to the filing of this cause of action. A review of this documentation reveals that Brestle filed administrative remedies concerning the conditions of his confinement. As

the Magistrate Judge informed Brestle, section 2241 is not the proper vehicle to bring conditions of confinement claims.

To the extent Brestle raised a claim in an administrative remedy which could potentially be cognizable pursuant to § 2241, i.e., that he should be given a credit against his sentence, there is no evidence that he exhausted that claim. Brestle mentions this requested relief in passing in an administrative remedy filed at the institutional level. (Doc. No. 35, pp. 19–20). However, Brestle does not make this reference in any other remedy he submitted, and there is a three-step procedure in place for inmates to satisfy the grievance procedure. Ramirez v. Haynes, CV212-190, Doc. Nos. 12, 14 (S.D. Ga.) (describing the three-step process inmates in Bureau of Prisons' institutions must complete prior to filing a cause of action in federal court). Even if Plaintiff set forth a claim cognizable pursuant to § 2241, he failed to exhaust his administrative remedies prior to filing this cause of action.

Brestle also filed a motion for transfer, and Respondent filed a Response. To the extent Brestle seeks to have claims of an alleged agreement between him and the Government transferred, Brestle's motion is **DENIED**. Should Brestle wish to pursue such a claim, he should file the appropriate pleading in the court of conviction.

Brestle has also filed a request for a certificate of appealability. Respondent responded. Brestle's request is **DENIED**, as a certificate of appealability is not issued in an action brought pursuant to 28 U.S.C. § 2241.[1]

---

[1] Brestle filed a pleading entitled "Mandatory Judicial Notice", and he also filed a supplement to this pleading. Brestle makes no request in these pleadings, and the undersigned notes these filings because these pleadings were reviewed.

Brestle's Objections are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Brestle's petition, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**, without prejudice. The Clerk of Court is authorized to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 2ⁿᵈ day of December, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)