# In the United States District Court
# For the Southern District Of Georgia
# Brunswick Division

| | |
|---|---|
| GARY CHARLES BRESTLE, | * |
| Petitioner, | * CIVIL ACTION NO.: 2:14-cv-130 |
| v. | * |
| SUZANNE R. HASTINGS, | * |
| Respondent. | * |

## ORDER

Before the Court is Petitioner's Motion for Reconsideration (dkt. no. 82) and Motion to Appoint Counsel (dkt. no. 94.) For the reasons set forth below, Petitioner's Motions are **DENIED**, and this case remains **CLOSED**.

### BACKGROUND

Petitioner, an inmate at the Federal Correctional Institution in Jesup, Georgia, brought this action on May 20, 2014. The Court ultimately dismissed Petitioner's action on December 29, 2014, because he failed to exhaust his administrative remedies and because Section 2241 is not the proper vehicle for Petitioner to contest the conditions of his confinement. Dkt. No. 65.

Petitioner appealed the dismissal of his Petition to the United States Court of Appeals for the Eleventh Circuit. Dkt. No. 71. However, because his appeal was frivolous and without merit, this Court denied him leave to appeal in forma pauperis. Dkt. No. 88. The Eleventh Circuit dismissed Petioner's appeal for want of prosecution on January 27, 2015. Dkt. No. 74.

On March 18, 2015, Petitioner filed a pleading entitled "Motion Rule 60(d)(1), F.R.Civ.P. RE: Independent Action", which the Court construes as a Motion for Reconsideration of the Court's Order of dismissal. Dkt. No. 82. In this Motion, Petitioner cites the United States Supreme Court's recent decision in Yates v. United States, ___ U.S. ___, 135 S. Ct. 1074 (2015). Respondent has responded in opposition to this Motion (dkt. nos. 86, 92), and Petitioner has filed an Objection to the Respondent's Response (dkt. no. 90), a Supplemental Brief (dkt. no. 91), and a Surreply (dkt. no. 93.)

Throughout this action, the Court has denied Petitioner's repeated requests for the appointment of counsel. Dkt. Nos. 31, 49. Nonetheless, Petitioner has filed yet another Motion to Appoint Counsel. Dkt. No. 94. Therein, he asks the Court to appoint an attorney to represent him "due to the complex nature, and extraordinary elements surrounding this case." Id.

## DISCUSSION

### I. Motion for Reconsideration (Dkt. No. 82)

Rule 60(b) provides that a Court may relieve a party from judgment in a limited number of circumstances including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or, (5) the judgment has been satisfied. Fed. R. Civ. P. 60(b)(1)-(5). Additionally, the catchall provision of Rule 60(b) authorizes relief from judgment based on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir.1984)(citation omitted). "In considering a motion for reconsideration, a court must balance the need for finality and judicial economy against the need to render just decisions." Whitesell Corp. v. Electolux Home Prods., Inc., No. CV 103-050, 2010 WL 4025943, at *7 (S.D. Ga. Oct. 13, 2010). Motions for reconsideration "should not be used to relitigate issues which have already been found lacking." Id.

Petitioner's Motion for Reconsideration fails on the merits, because it does not meet any of the grounds for relief set forth in Rule 60. Petitioner entirely ignores this Court's determination that he failed to exhaust his administrative remedies and that he cannot contest the conditions of his

confinement through a Section 2241 Petition. Though Petitioner cites <u>Yates</u>, he fails to make any logical connection between that decision and this Court's analysis in the case at hand.

Consequently, the Court will not revisit its prior decision dismissing this action and **DENIES** Petitioner's Motion for Reconsideration.

## II. Motion to Appoint Counsel (Dkt. No. 94.)

Likewise, the Court finds no grounds to disturb its rulings denying Petitioner's requests for appointed counsel. As an initial matter, given the denial of Petitioner's Motion for Reconsideration, this case remains closed, and, therefore, there is nothing before this Court on which counsel could assist Plaintiff.

Moreover, in this civil case, Plaintiff has no constitutional right to the appointment of counsel. <u>Wright v. Langford</u>, 562 F. App'x 769, 777 (11th Cir.2014) (citing <u>Bass v. Perrin</u>, 170 F.3d 1312, 1320 (11th Cir.1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." <u>Wright</u>, 562 F. App'x at 777 (citing <u>Bass</u>, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex

as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir.1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir.1987) and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir.1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir.2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir.1993)).

The Court finds no "exceptional circumstances" warranting the appointment of counsel in this case. While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). Indeed, the Eleventh Circuit has consistently upheld district courts' refusals to appoint counsel to prisoners challenging the conditions of their confinement. Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir.2015); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir.2013); McDaniels v. Lee,

405 F. App'x 456, 457 (11th Cir.2010); Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir.2010); Fowler, 899 F.2d at 1091, 1096; Wahl, 773 F.2d at 1174). Even if this case were still pending, it would not be so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Petitioner's Motion for Reconsideration and his Motion to Appoint Counsel. This case remains **CLOSED**.

**SO ORDERED**, this \_\_\_5\_\_\_ day of \_\_\_August\_\_\_, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA